UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

**CASE NO.: 6:26-cv-02402**

JANE DOE 1 & JANE DOE 2,

Plaintiffs,

vs.

MATTHEW LOUIS GAETZ II, JOEL MICAH GREENBERG, CHRISTOPHER DORWORTH, GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., GREENBERG DENTAL SPECIALTY GROUP, LLC, and AWG, INC.,

Defendants.
______________________________/

**PLAINTIFFS JANE DOE 1 AND JANE DOE 2'S JOINT MOTION TO PROCEED ANONYMOUSLY TO PROTECT THEIR IDENTITIES AS VICTIMS OF SEX CRIMES**

Plaintiffs, JANE DOE 1 and JANE DOE 2 (collectively, "Plaintiffs"), by and through their undersigned counsel and in accordance with Federal Rule of Civil Procedure 5.2(e), hereby jointly move the Court to enter an Order permitting them to proceed anonymously in this action to protect their identities as victims of sex crimes, and in support thereof, state as follows:

1. Plaintiffs, survivors of sex trafficking, filed this lawsuit against Defendants, Matthew Louis Gaetz II ("Gaetz"), Joel Micah Greenberg ("Greenberg"), Greenberg Dental Associates, LLC, Greenberg Dental & Orthodontics, P.A., Greenberg Dental Specialty Group, LLC, and Christopher Dorworth ("Dorworth") (collectively, "Defendants"), under the federal Trafficking Victims Protection Reauthorization Act, 18 U.S.C. section 1595 (hereinafter "T.V.P.R.A."), for recruiting, enticing, and obtaining them for

commercial sex acts through a venture that exploited their financial vulnerability and supplied them with controlled substances.

2. In the Complaint, Plaintiffs utilized the pseudonyms "Jane Doe 1" and "Jane Doe 2" in order to protect their identities as victims of sex crimes committed against them as part of Defendants' sex trafficking venture.

3. Greenberg, the venture's recruiter, separately recruited each Plaintiff while she was in her early twenties, had no meaningful savings or stable income, and was a Florida resident. Each Plaintiff met Gaetz for the first time at a gathering where controlled substances were distributed, and each was paid in cash transfers and travel in exchange for sexual activity.

   a. **Jane Doe 1.** Jane Doe 1 was twenty years old when "Victim A" introduced her to Greenberg in the summer of 2017. In June 2017, Greenberg supplied her with MDMA, a drug she had never taken before, at a hotel gathering in Longwood, Florida, leaving her unable to drive home. On July 15, 2017, at Greenberg's invitation, she attended a party at Dorworth's gated residence, where she met Gaetz, fifteen years her senior, and where Gaetz had sex with her in a guest bedroom. Between July 2017 and January 2019, Gaetz and Greenberg paid her on at least nineteen documented occasions, in sums ranging from $150 to $1,000.

   b. **Jane Doe 2.** Jane Doe 2 was twenty-two years old and enrolled in college courses she could not afford when Greenberg contacted her through SeekingArrangement.com on October 20, 2017. On November 5, 2017, Greenberg paid her to meet him for sex at a Sheraton hotel in Maitland, Florida. At a December 8, 2017 party at a property the venture had rented, she met Gaetz, thirteen years her senior, and both Greenberg and Gaetz had sex with her. Greenberg exploited her tuition needs, making six payments to her, three labeled "School," that never

covered her classes, and offered her Adderall so she could stay awake for class after seeing him.

4. The venture flew both Plaintiffs to destinations including Miami, Las Vegas, the Bahamas, and New York City in exchange for sexual activity. These sex crimes provide the factual predicate for Plaintiffs' rights of action against Defendants under the T.V.P.R.A.

5. As a direct result, each Plaintiff suffered severe emotional and psychological trauma. Each has needed, and continues to receive, mental health treatment for that trauma.

6. Each Plaintiff was a victim or witness in federal criminal investigations, before a federal grand jury, and in the investigation conducted by the United States House Committee on Ethics. Defendant Greenberg is currently serving an eleven-year federal sentence. One Plaintiff, JANE DOE 1, participates in a state address-confidentiality program.

7. Thus, Plaintiffs seek to invoke their right to privacy as sex crime victims and to proceed anonymously in this litigation to protect them from undue embarrassment, humiliation, and particularly potential retaliation and harassment by Defendants, several of whom have publicly attacked the credibility of women who came forward.

8. Defendants have always known who Plaintiffs are. Each Defendant interacted with each Plaintiff directly, and the pseudonyms conceal Plaintiffs' identities only from the public, not from Defendants.

**MEMORANDUM OF LAW**

Multiple legal authorities prohibit, and otherwise set forth public policy against, the public disclosure of the identity of sex crime victims. These legal authorities evince a compelling public policy against inflicting undue embarrassment and humiliation on sex crime victims and encouraging those so afflicted to report and seek redress for such crimes against those responsible without having to surrender their privacy.

For example, under Fla. Stat. section 119.071(2)(h)(1)(b), state agencies are expressly prohibited from publicly disclosing "[a]ny information that may reveal the identity of a person who is a victim of a sexual offense proscribed in S. 787.06(3)(b), (d), (f), or (g), chapter 794, chapter 796, chapter 800, chapter 827, or chapter 847." Florida's statutory prohibition of public dissemination of the identity of sex crime victims from otherwise publicly available records is the most compelling legal authority to support Plaintiffs' request to proceed anonymously in this case. The sex crimes underlying each Plaintiff's claims occurred in Florida while she was a Florida resident. In no manner does this law contain any provision indicating that a sex crime victim waives his or her protection by filing a lawsuit related to the crimes.

It is also a well-settled principle of federal common law that rape victims have a recognized right to privacy in litigation, unless his or her name has already been voluntarily placed into the court file by a prosecutor. *See e.g.*, *Cox Broadcasting v. Cohn*, 420 U.S. 469 (1975). Neither Plaintiff has taken any action to waive her privacy. Each Plaintiff's cooperation as a victim or witness in the federal criminal investigations, before the federal grand jury, and in the House Ethics Committee investigation proceeded without public disclosure of her identity, and neither has voluntarily placed her name in any public court file in connection with these events.

In emphasizing with compassion the profoundly private nature of having survived a rape, the United States Supreme Court concluded:

> *[Rape] is highly reprehensible, both in a moral sense and its almost total contempt for the personal integrity and autonomy of the victim and for the latter's privilege of choosing those with whom intimate [relationships] are to be established. Short of homicide, it is the 'ultimate violation of self.'*

*Coker v. Georgia*, 433 U.S. 594, 597-98 (1977) (citations omitted).

It is constitutionally permissible even to close portions of a criminal trial to protect a rape victim from undue embarrassment. See *Douglas v. Wainwright*, 714 F.2d 1532, 1538-39 (11th Cir. 1983) (citing *Aaron v. Capps*, 507 F.2d 685 (5th Cir. 1975), and *Latimore v. Sielaff*,

561 F.2d 691 (7th Cir. 1977)). Plaintiffs ask for far less here: only that their names be withheld from the public record.

The chilling effect that involuntary disclosure places on the reporting of sex crimes has been well recognized by legal commentators for many years. See Paul Marcus & Tara L. McMahon, *Limiting Disclosure of Rape Victims' Identities*, 64 S. Cal. L. Rev. 1020, 1049 (1991) (describing how public disclosure of a sex crime victim's identity before he or she is ready can disrupt the healing process and inflict actual and additional psychological harm); Dean J. Kilpatrick & Randy K. Otto, *Constitutionally Guaranteed Participation in Criminal Proceedings for Victims: Potential Effects on Psychological Functioning*, 34 Wayne L. Rev. 7, 25 (1987) (explaining how the justice system inflicts further victimization on sex crime victims). Each Plaintiff remains in mental health treatment for the trauma at issue, and public disclosure of her identity threatens exactly the harm these authorities describe.

**The Eleventh Circuit's standard favors anonymity here**

Federal Rule of Civil Procedure 10's requirement that a complaint name all parties is "not absolute." *Plaintiff B. v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). In evaluating a request to proceed anonymously, the Eleventh Circuit first considers three factors: (1) whether the plaintiffs are challenging governmental activity; (2) whether they will be required to disclose information of the utmost intimacy; and (3) whether they will be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution. *Id.* at 1316 (citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)). That test is only the first step, and courts consider all the circumstances of a given case, including "whether [the plaintiffs'] anonymity posed a unique threat of fundamental unfairness to the defendant." *Id.* (citing *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981)).

The second factor weighs heavily in Plaintiffs' favor. In *Plaintiff B.*, the court emphasized that the issues "could not be of a more sensitive and highly personal nature,"

because they involved explicit sexual conduct into which the plaintiffs were coerced by the defendants. *Id.* at 1316-17. The same is true here. Plaintiffs must describe, in public filings, the sexual acts the venture procured from each of them, the drugs supplied to them, and their financial dependence on the men who paid them.

The third factor also supports anonymity. Prosecuting these claims requires each Plaintiff to describe her own participation in commercial sex acts and illegal drug use. For Jane Doe 2, that includes Greenberg's direction that she deliver an MDMA pill to an unidentified man. Plaintiffs should not have to tie their names to that conduct in the public record as the price of seeking redress from the men who trafficked them.

This case also bears no resemblance to those in which anonymity was denied because only social stigma was at stake. In *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992), the plaintiff sought anonymity because of his status as an alcoholic, and the court held that "social stigma" and "personal embarrassment, standing alone" were not enough. Here, by contrast, Plaintiffs are victims of sex trafficking, a status whose protection from public disclosure Florida law already recognizes.

**Plaintiffs' interest in anonymity outweighs the presumption of openness**

Each Plaintiff's privacy interest is acute. This action requires both Plaintiffs to disclose, in public filings, the most intimate details of their lives: sexual encounters procured through the venture, drug use the venture supplied and encouraged, financial dependence on payments from Gaetz and Greenberg, and psychological trauma for which each remains in treatment. For Jane Doe 1, those details include her first use of MDMA at age twenty. For Jane Doe 2, they include paid encounters arranged through SeekingArrangement.com, Greenberg's direction that she deliver an MDMA pill to an unidentified man, and the use of her tuition needs as leverage.

Defendant Gaetz is a nationally known public figure, and the events at issue have drawn sustained media attention. Disclosure of either Plaintiff's name would permanently link her to these allegations in the public record and expose her to harassment and retaliation from Defendants and their supporters. The public's interest in open proceedings is fully served by public access to the pleadings, the arguments, and the Court's rulings. Only Plaintiffs' names would be withheld.

**Plaintiffs' mental health information warrants the same protection**

Plaintiffs' claims put their mental health treatment at issue. Since 1996, federal law has recognized the very private nature of an individual's medical information under the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d, et seq. Plaintiffs have not waived those privacy interests by filing suit. Under Rule 5.2(e), Plaintiffs request that any filing disclosing the specifics of their medical and mental health care, including the identity of their providers and any medications prescribed to them, be filed only in redacted form.

**Anonymity will not prejudice Defendants**

Defendants will suffer no prejudice. Each Plaintiff's identity is already known to Defendants, who interacted with her directly, and each Plaintiff will disclose her true name to Defendants' counsel under an appropriate confidentiality designation for purposes of discovery and the defense of this action. Defendants retain every ability to investigate the claims, take discovery, and present their defenses. The requested relief restricts only the public disclosure of Plaintiffs' names and identifying information in documents filed with the Court.

In accordance with Federal Rule of Civil Procedure 5.2(e), this Court is authorized to order that certain documents be filed only if the sensitive information within them is first redacted. Plaintiffs respectfully request that the Court apply Rule 5.2(e) here and permit them to proceed anonymously in this action. Plaintiffs respectfully submit that such protection of

their privacy is warranted given the traumatic sex crimes to which they have been subjected that form the factual underpinnings of this case.

Should the Court be inclined to deny this Motion, Plaintiffs respectfully request that the Court first set an evidentiary hearing at which Plaintiffs may present testimonial and other evidence of the nature and extent of the harm that would result if they were required to proceed under their true names, and that the Court consider that evidence before ruling.

WHEREFORE, Plaintiffs, JANE DOE 1 and JANE DOE 2, respectfully request that this Court grant the relief requested herein, permit each of them to proceed anonymously in this action, or, in the alternative, set an evidentiary hearing before ruling on this Motion.

GOLDLAW, P.A.
*Attorneys for Plaintiffs*
1641 Worthington Road, Suite 300
West Palm Beach, FL 33409
(561) 697-4440

By:___*/s/Spencer T. Kuvin, Esq.*______
Spencer T. Kuvin, Esq.
FL Bar No.: 89737
Paul W. McBride, Esq.
FL Bar No. 1003056
Lukas Manolis, Esq.
FL Bar No. 1080065
Primary Email:
JaneDoe12222048@goldlaw.filevineapp.com
Secondary Email: skuvin@goldlaw.com
Paralegal's Email: snewall@goldlaw.com
Secretary's Email: aattick@goldlaw.com

Leppard Law
*Attorney for Plaintiffs*
638 Broadway Avenue
Orlando, FL 32803
(407) 476-4111

By:__*/s/Joel N. Leppard, Esq.*_____
Joel N. Leppard, Esq.
FL Bar 86081
Primary Email: joel@leppardlaw.com