**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JANE DOE 1 and JANE DOE 2,

*Plaintiffs*,

v.

Case No. 6:26-cv-02402-GAP-DCI

MATTHEW LOUIS GAETZ II, JOEL MICAH GREENBERG, CHRISTOPHER DORWORTH, GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., GREENBERG DENTAL SPECIALTY GROUP, LLC, and AWG, INC.,

*Defendants*.
________________________________/

**DEFENDANT MATTHEW GAETZ'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME AND TO SET A BRIEFING SCHEDULE**

Defendant Matthew Gaetz, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), respectfully moves this Court to set Mr. Gaetz's deadline to answer, move, or otherwise respond to Plaintiffs' Complaint, ECF No. 1 (the "Complaint"), to December 21, 2026. Mr. Gaetz also respectfully moves this Court to set Mr. Gaetz's deadline to oppose Plaintiffs' Joint Motion for Miscellaneous Relief, specifically for Plaintiffs to Proceed Anonymously to Protect Their Identities as Victims of Sex Crimes, ECF

No. 2 (the "Pseudonym Motion"), to November 25, 2026. Plaintiffs do not oppose the relief requested in this Motion. In support of this Motion, Mr. Gaetz states:

1. On October 15, 2026, Plaintiffs filed their Complaint against Mr. Gaetz. ECF No. 1. Undersigned counsel executed and returned a waiver of service on behalf of Mr. Gaetz, and therefore, Mr. Gaetz's deadline to answer, move, or otherwise respond to the Complaint is December 15, 2026.

2. Plaintiffs also filed the Pseudonym Motion on October 15, 2026. The Pseudonym Motion was not served on Mr. Gaetz at this time.

3. Undersigned counsel is diligently reviewing the allegations in the Complaint and in the fully developed records of the related cases, evaluating the claims asserted, and analyzing an appropriate response. Further, undersigned counsel is preparing Mr. Gaetz's response to the Pseudonym Motion.

4. On November 10, 2026, Defendants Greenberg Dental Associates, LLC, Greenberg Dental & Orthodontics, P.A., and Greenberg Dental Specialty Group, LLC, filed an Unopposed Motion for Enlargement of Time to Respond to Plaintiffs' Complaint. ECF No. 35. These defendants "move[d] this Court for an enlargement of time, through and including December 21, 2026, to respond to Plaintiffs' Complaint." *Id*. at 1. This Court granted the requested enlargement on the same day. ECF No. 36.

5. On November 11, 2026, undersigned counsel and counsel for Plaintiffs conferred via electronic mail. Undersigned counsel notified counsel for Plaintiffs of Mr. Gaetz's intent to oppose the Pseudonym Motion and asked whether Plaintiffs opposed (1) setting the deadline for Mr. Gaetz to answer, move, or otherwise respond to the Complaint to December 21, 2026; and (2) setting the deadline for Mr. Gaetz's opposition to the Pseudonym Motion to November 25, 2026 (*i.e.*, 14 days after that motion was shared with undersigned counsel). Counsel for Plaintiffs stated that they did not oppose the requested relief and, shortly after this conferral on November 11, 2026, shared the Pseudonym Motion with undersigned counsel.

6. In light of the foregoing, Mr. Gaetz respectfully requests an enlargement of time to answer, move, or otherwise respond to the Complaint through December 21, 2026. Mr. Gaetz further respectfully requests that the Court set Mr. Gaetz's deadline to oppose the Pseudonym Motion to November 25, 2026.

7. These requests are made in good faith and not for purposes of delay. Granting these requests will promote judicial efficiency, avoid unnecessary or duplicative filings, and align Mr. Gaetz's briefing deadlines with the Complaint response deadline recently set by this Court for several other defendants and with the standard deadline for responses under Local Rule 3.01(d).

8. Mr. Gaetz does not anticipate that the requested relief in this Motion will prejudice Plaintiffs or adversely affect the progress of this litigation, and Plaintiffs have confirmed that they do not oppose the relief requested herein. Moreover, this Motion is being filed before the expiration of the current response deadline. Accordingly, an enlargement is appropriate under Federal Rule of Civil Procedure 6(b)(1)(A), which authorizes the Court, for good cause, to extend a deadline upon a request made before the original deadline expires.

## CONCLUSION

For the above reasons, Mr. Gaetz requests that this Court enter an order (1) granting an enlargement of time to answer, move, or otherwise respond to the Complaint through December 21, 2026; and (2) setting Mr. Gaetz's deadline to oppose the Pseudonym Motion as November 25, 2026 (*i.e.*, 14 days after Plaintiffs' counsel shared that motion with undersigned counsel).

## LOCAL RULE 3.01(g) CERTIFICATE

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that, on November 11, 2026, they conferred via email with counsel for Plaintiffs regarding this motion and the grounds for the relief sought. Counsel for Plaintiffs indicated that they do not oppose Mr. Gaetz's requests.

Dated: November 17, 2026 Respectfully submitted,

**By: /s/ Jeffrey A. Neiman**

**NEIMAN MAYS FLOCH & ALMEIDA, PLLC**

Jeffrey A. Neiman, Esq.
Florida Bar No. 544469
jneiman@nmfalawfirm.com
Bryan A. Almeida, Esq.
Florida Bar No. 1005558
balmeida@nmfalawfirm.com
Christopher D. Joyce, Esq.
Florida Bar No. 1020006
cjoyce@nmfalawfirm.com

550 S. Andrews Avenue, Suite 720,
Ft. Lauderdale, FL 33301
Telephone: (954) 462-1200

*Counsel for Mr. Gaetz*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 17, 2026, I filed this document through CM/ECF, which will cause a copy of this document to be served by Notice of Electronic Filing to all parties and counsel of record.

**By: /s/ Jeffrey A. Neiman**
Jeffrey A. Neiman, Esq.