**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JANE DOE 1 and JANE DOE 2,

*Plaintiffs*,

v. Case No. 6:26-cv-02402-GAP-DCI

MATTHEW LOUIS GAETZ II, JOEL MICAH GREENBERG, CHRISTOPHER DORWORTH, GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., GREENBERG DENTAL SPECIALTY GROUP, LLC, and AWG, INC.,

*Defendants*.
___________________________________/

**DEFENDANT CHRISTOPHER DORWORTH'S OPPOSITION TO PLAINTIFFS' JOINT MOTION TO PROCEED ANONYMOUSLY**

Defendant Christopher Dorworth ("Dorworth"), by and through undersigned counsel, respectfully submits this response in opposition to the Joint Motion to Proceed Anonymously to Protect Their Identities as Victims of Sex Crimes (ECF No. 2) (the "Motion") filed by Plaintiffs Jane Doe 1 and Jane Doe 2 (together, "Plaintiffs"), and states as follows.

## INTRODUCTION

Federal lawsuits are public events, and Federal Rules of Civil Procedure 10 requires that the complaint name every party. A plaintiff may displace that

rule only in the "exceptional case" by showing a substantial privacy right that outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). Plaintiffs have not carried that burden as to Dorworth.

Plaintiffs' request leans almost entirely on a co-defendant: Matthew Gaetz ("Gaetz"), a "nationally known public figure," and the media attention his presence has drawn. But Dorworth is a private individual. Plaintiffs cannot borrow Gaetz's notoriety to litigate anonymously against a private person whose name and reputation they have publicly tied to grave accusations of sex trafficking.

For the following three reasons, Dorworth argues anonymity is unwarranted and unfair under the circumstances: (1) it would prejudice Dorworth's defense and allow Plaintiffs to level serious charges from behind a shield; (2) Plaintiffs' asserted harms do not rise above the embarrassment and reputational concern that the law holds insufficient; and (3) the public's right of access to this matter is at its strongest. Any genuinely sensitive information can be protected by the far less drastic means Plaintiffs themselves invoke in the form of targeted redaction and a protective order under Rule 5.2(e). Fed. R. Civ. P. 5.2.

**BACKGROUND**

Plaintiffs bring claims under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595 against Gaetz, Joel Greenberg,

Dorworth, and several dental entities. The Motion seeks leave for both Plaintiffs to litigate under pseudonyms, asserting their status as victims of sex crimes, the intimate nature of the allegations, a risk of retaliation, and Gaetz's public profile, and invoking Federal Rule of Civil Procedure 5.2(e).

Plaintiffs concede that each Defendant already knows their identities and contend that anonymity therefore causes no prejudice. In the alternative, Plaintiffs ask the Court to hold an evidentiary hearing before ruling.

The allegations against Dorworth are narrow. The Complaint (ECF No. 1) ties him to a single gathering at his residence on July 15, 2017, attended by Jane Doe 1 (Compl. ¶¶ 12, 51-52); it pleads no factual basis or identifiable claim connecting Dorworth and Jane Doe 2.

The lone "agreement" the Complaint attributes to Dorworth rests on a message from a third party that Jane Doe 1 "understood to be from" him, for a payment the Complaint admits "was never made." Compl. ¶ 99(b).

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all the parties." That requirement is "not absolute," but it creates "a strong presumption in favor of parties' proceeding in their own names," rooted in the public's interest in knowing who invokes its courts and in the defendant's right "to know who their accusers are." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). The "ultimate test" is "whether the plaintiff has a substantial privacy right which outweighs the 'customary and

constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d at 323.

The Eleventh Circuit first considers three factors: (1) whether the plaintiff challenges governmental activity; (2) whether she will be required to disclose information of the utmost intimacy; and (3) whether she would be compelled to admit an intent to engage in illegal conduct. *Plaintiff B* 631 F.3d at 1316. The Eleventh Circuit has also directed courts to consider factors "such as whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Id*.

"And even aside from these factors, we have made clear the court 'should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.' No single factor should be considered dispositive." *Doe v. Sheely*, 781 F. App'x 972, 973–974 (11th Cir. 2019)(citing *Frank*, 951 F.2d at 323).

Mere embarrassment, reputational concern, or the sensitivity of the subject matter does not satisfy this standard. *Doe v. Frank*, 951 F.2d at 324.

## ARGUMENT

### I. Plaintiffs sue private individuals, and Dorworth lacks the public dimension on which the Motion depends.

The Eleventh Circuit treats a suit against private parties as a factor weighing against anonymity. Because a suit against private individuals "may cause damage to their good names and reputation and may also result in economic harm," there is "more reason not to grant" anonymity when the defendants are private persons; "[b]asic fairness dictates that those among the defendants' accusers who wish to participate in the suit as individual party plaintiffs must do so under their real names." *Doe v. Frank*, 951 F.2d at 323-324(quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)).

That principle controls here, no defendant is a public official, and while Mr. Gaetz is certainly prominent and well known, he is still a private citizen. The Motion's public-interest theory is built on Mr. Gaetz, his status as a "nationally known public figure" and the "sustained media attention" his involvement has drawn. Motion at 2.

Dorworth is not a public figure. He is a private individual whom Plaintiffs have publicly named as a sex-trafficking defendant. Plaintiffs cannot invoke the notoriety of a co-defendant to shield themselves while a private defendant bears the reputational injury of their accusations under his own name.

Furthermore, Plaintiffs' attorney has given statements to the press repeatedly, indicating that the fear of public scrutiny is not a good faith concern.[1] One could assume, if the Plaintiffs did not want to attract attention to themselves or the case, their attorney would not be sitting for television interviews the same day the suit was filed, yet that is precisely what occurred.[2]

As to Dorworth, the private-party factor should weigh decisively against anonymity, especially given how aggressively Plaintiffs' counsel has sought publicity for the matter.

## II. Anonymity would impose a unique threat of fundamental unfairness on Dorworth and would prejudice his defense.

A court must weigh "whether the plaintiffs' anonymity posed a unique threat of fundamental unfairness to the defendant." *Plaintiff B*, 631 F.3d at 1316. The presumption against pseudonymity exists in part because anonymity can become "a shield behind which defamatory charges may be launched without shame or liability." *Plaintiff B*, 631 F.3d at 1315.

"[I]f the complaint's allegations cannot be substantiated, 'then anonymity provides a shield behind which defamatory charges may be launched without

[1] *See, e.g., West Palm Attorney Files Sex-Trafficking Lawsuit Against Matt Gaetz*, THE PALM BEACH POST (Oct. 16, 2026), https://www.palmbeachpost.com/story/news/local/westpb/2026/10/16/west-palm-attorney-files-sex-trafficking-lawsuit-against-matt-gaetz-spencer-kuvin/92269142007/

[2] *See e.g.,* Former Congressman Matt Gaetz, Others Sued Over Sex-Trafficking Allegations, CBS 12 News (October 15, 2026), https://cbs12.com/news/local/former-congressman-matt-gaetz-others-sued-over-sex-trafficking-allegations-florida-news-florida-lawsuit-local-news

shame or liability' and it will be [Defendant] (not Plaintiff) who faces disgrace." *K.L.T. v. United States*, 2025 WL 3441016, at *2 (N.D. Fla. Dec. 1, 2025) (quoting *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005)).

Circuit courts have identified two related sources of unfairness: the risk that anonymity shields "false or defamatory charges," exposing a blameless defendant to reputational harm merely by being sued, and the "one-sidedness of allowing a plaintiff to 'have [their] cake and eat it too,'" i.e. remaining anonymous if they lose while retaining the power to reveal their identity if they win. *Doe v. Sidar*, 93 F.4th 241, 249 (4th Cir. 2024).

Those concerns are acute here. The allegations against Dorworth are thin and, likely contradicted by Jane Doe 1's own prior testimony. The only "agreement" attributed to Dorworth is a payment the Complaint concedes "was never made," resting on a message Jane Doe 1 merely "understood to be from" him.

Permitting Plaintiffs to advance such charges against a named, private defendant from behind a pseudonym is precisely the one-sided unfairness the presumption guards against.

Even though Plaintiffs' Complaint contains no factual allegation or identifiable claim that Dorworth and Jane Doe 2 ever met, Plaintiffs claim that Dorworth already knows their identities, and anonymity causes no prejudice. That misunderstands the prejudice.

A defendant's knowledge of a plaintiff's name does not neutralize the reputational asymmetry of being publicly accused by an anonymous party, nor the distortion a pseudonym can introduce before a jury, nor the complications anonymity creates for third-party investigation. Even where a defendant already knew the plaintiffs' identities, the Eleventh Circuit has upheld an order requiring pseudonymous plaintiffs to proceed under their real names as the litigation progressed and the costs of anonymity mounted, because the plaintiffs had not shown that their asserted risk of harm outweighed the presumption of openness. *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1244 (11th Cir. 2020).

As the court stated, "[t]hough we agree that their anonymity does not prejudice Chiquita since it knows the pseudonymous appellants' identities, prejudice is just one of many factors that a court should consider. *See Plaintiff B*, 631 F.3d at 1316. Given the wealth of evidence undercutting the pseudonymous appellants' risk of harm, the little evidence establishing it, and the presumption of judicial openness, the court acted within its discretion when it denied anonymity, even without a showing of prejudice." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d at FN 8.

## III. Plaintiffs' asserted harms do not meet the exceptional-circumstances standard in *Frank* and less drastic alternatives fully protect any legitimate privacy interest.

Anonymity is reserved for "exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the

injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," and "[t]he risk that a plaintiff may suffer some embarrassment is not enough." *Doe v. Frank*, 951 F.2d at 324.

While Courts in this Circuit have ultimate granted anonymity where plaintiffs allege sexual misconduct, the considerations have been greater than those found in this case. For instance, in *Plaintiff B*, "explicit sexual conduct while they were minors who were coerced by the Defendants." *Plaintiff B*, 631 F.3d at 1316. Furthermore, the plaintiffs in *Plaintiff B* offered "extensive evidence about the scope of harm," including expert testimony from a clinical psychologist, and evidence that they faced permanent online association with videos still sold commercially. *Id* at 1315-1319. Here, both Plaintiffs Doe 1 and Doe 2 are and were adults during all relevant periods (Compl. ¶ 46 & 68), no sexual imagery is at issue, and Plaintiffs have submitted no evidence or declarations to support a factual basis for their request. *Plaintiff B* weighed a defendant's "general plea for 'openness'" against "'strong evidence' supporting a need for anonymity." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d at 1247–1249(citing *Plaintiff B* 631 F.3d at 1315-16).

Plaintiffs' associated their generalized fear of "retaliation and harassment" to Defendants who have "publicly attacked the credibility of women..." Motion ¶ 7. The Motion identifies no particularized threat of violence or physical harm attributable to Dorworth, the kind of concrete showing that has justified anonymity elsewhere. Furthermore, the idea that a

civil defendant somehow "wrongs" a civil plaintiff sufficient for them to proceed anonymously, simply by attacking their credibility, would hamper a defendant's Constitutional rights under the First Amendment. Plaintiffs are simply not entitled to anonymity because they are worried their credibility may be publicly questioned, they submitted their credibility to public scrutiny the moment they filed suit, and they are adequately protected in the event any Defendant levies a verifiably false accusation. See *Green v. Cosby*, 138 F. Supp. 3d 114 (D. Mass. 2015); *McNamee v. Clemens*, 762 F. Supp. 2d 584 (E.D.N.Y. 2011); *McKee v. Cosby*, 874 F.3d 51 (1st Cir. 2017).

In all events, the Motion defeats itself on the question of alternatives. Plaintiffs expressly invoke Rule 5.2(e) and ask that their medical and mental-health specifics be filed "only in redacted form." Rule 5.2(e) empowers the Court, for good cause, to require redaction of sensitive information by protective order, which is a targeted remedy far short of blanket anonymity. Fed. R. Civ. P. 5.2**.** Where such measures can protect genuinely private details without concealing the parties' identities, they weigh against anonymity. Dorworth does not oppose, and affirmatively proposes, a protective order and the redaction of discrete sensitive information (such as medical records, provider identities, and prescribed medications). That proportionate relief answers Plaintiffs' stated privacy concerns while preserving the public record.

### IV. The public's right of access is heightened by the alleged prominence of this litigation, outweighs Plaintiffs' privacy interest.

Rule 10(a) safeguards "the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." Fed. R. Civ. P. 10. That interest is heightened where, as here, the litigation levels grave accusations and Plaintiffs have sought to draw public attention to the case.

When a plaintiff seeks substantial damages and accuses the defendants of egregious misconduct, "the public's interest in judicial openness is dramatically greater," and bare assertions of sensitivity do not establish the "exceptional circumstances" required to "litigate in the dark." *Doe v. Cook Cnty., Illinois*, 542 F. Supp. 3d 779, 790–791 (N.D. Ill. 2021).

Plaintiffs' own authority underscores the point. In *Cox Broadcasting Corp. v. Cohn*, the Supreme Court recognized that "the interests in privacy fade when the information involved already appears on the public record," and barred the imposition of liability for publishing a rape victim's name drawn from open court records. *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 494–496, 95 S. Ct. 1029, 1046, 43 L. Ed. 2d 328 (1975).

*Cox* confirms the strength of the public's access interest in judicial proceedings; it does not supply a right to litigate anonymously. *Id.* The public's ability to scrutinize serious accusations brought in a federal court, and the private defendants they target, depends on the parties proceeding in their own names.

## V. Plaintiffs' remaining authorities do not support anonymity, and the Motion's alternative request for a hearing should be denied.

Plaintiffs' other citations do not support the relief they request. Florida Statutes § 119.071 governs the disclosure of records held by *state agencies*; by its terms it does not prescribe the standard a federal court applies under Rule 10(a). *Coker v. Georgia* is a capital-sentencing decision that says nothing about civil pseudonymity. *Coker v. Georgia*, 433 U.S. 594, 597-98 (1977). *Douglas v. Wainwright* concerned the partial closure of a criminal trial, a context in which "one who seeks to justify closure of a criminal trial carries a heavy burden." *Douglas v. Wainwright*, 714 F.2d 1532, 1539–1540 (11th Cir. 1983).[3]

None of the cases propounded by Plaintiffs addresses, let alone satisfies, the Eleventh Circuit's civil-anonymity standard.

No do the Middle District of Florida decisions granting anonymity in sensitive cases assist Plaintiffs. In *Doe v. Predator Catchers, Inc.*, the court permitted a pseudonym only because the plaintiff submitted "particularized evidence" of actual threats, including a comment stating that "one bullet fixes that problem," establishing a likelihood of physical violence if he proceeded under his real name. *Doe v. Predator Catchers, Inc.*, 343 F.R.D. 633, 637-639 (M.D. Fla. 2023). The court's conclusion rested on that demonstrated danger

[3] It should also be noted that the Supreme Court vacated that decision. *Douglas v. Wainwright*, 468 U.S. 1212, 104 S. Ct. 3580, 82 L. Ed. 2d 879 (1984).

together with highly intimate information. Plaintiffs have made no comparable, particularized showing of a threat of physical harm attributable to Dorworth.

Finally, the Court can resolve the Motion on the papers; no evidentiary hearing is necessary. The Motion fails as a matter of law under the governing standard. Should the Court nonetheless receive evidence, Plaintiffs bear the burden of establishing, with specificity, the exceptional circumstances and particularized harm that anonymity requires, not the generalized assertions the Motion offers.

The parties have not yet conferred about the disclosure by Plaintiffs, even confidentially, of Plaintiffs' identities. As Plaintiffs note in their motion, they have been a "witness in federal criminal investigations, before a federal grand jury, and in the investigation conducted by the United States House Committee on Ethics..." Motion ¶ 6. If Plaintiffs have provided prior sworn testimony, their identities are critical to obtaining their prior statements to compare whether they have ever given contradictory testimony regarding the relevant circumstances.

### VI. Plaintiffs' failure to provide supporting evidence weighs against their requested relief.

Requests to proceed anonymously are rightly denied when a plaintiff "presented no evidence to support" the need for the relief requested. *Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. 2019). Arguments amounting to the fear of "personal embarrassment" alone is not sufficient. *Id*, 781 F. App'x at 974.

As Judge Davis found in a recent Middle District case, "Plaintiff here does not allege she is facing specific threats of violence or [that] the stigma associated with being a victim of sexual assault is heightened because of her or her family's religious community, much less support such claims with sworn attestations." Doe v. Hardwick, No. 3:24-CV-489-BJD-MCR, 2025 WL 2021355 (M.D. Fla. July 18, 2025)(distinguishing from *Doe v. Neverson*, 820 F. App'x 984, 985–988 (11th Cir. 2020); and *Predator Catchers, Inc.* 343 F.R.D. at 637-38).

As this Court understands, "reputational concerns and fear of future harassment and risk of harm… mostly based on pure speculation" cannot form the basis justifying a request to proceed anonymously. *E.K v. Walt Disney Parks & Resorts U.S., Inc.*, No. 6:22-CV-1919-RBD-DCI, 2022 WL 17582554, at *3 (M.D. Fla. Dec. 12, 2022)("Plaintiffs' concerns are more akin to the fear of personal embarrassment and their argument and evidence does not outweigh the interest in proceeding publicly.").

## VII. Plaintiffs' failure to confer should result in denial without prejudice

Plaintiffs' filed the Motion (ECF No. 2) contemporaneously with their Complaint. Plaintiffs have not attempted to confer or to supplement their certification of conferral. Local Rule 3.01(g)(3) required Plaintiffs to try diligently for three days to contact the opposing parties, and then promptly supplement the motion with a statement certifying whether the parties had resolved all or part of the motion.

"Failure to timely supplement can result in denial of the motion without prejudice." *Id.*

## CONCLUSION

For the foregoing reasons, Dorworth respectfully requests that the Court deny Plaintiffs' Joint Motion to Proceed Anonymously and direct Plaintiffs to proceed under their true names.

Dated: November 18, 2026

Respectfully submitted,

*/s/ Robert Alex Andrade*

Robert Alex Andrade
Florida Bar No. 111337
**aandrade@mhw-law.com**
**hmalone@mhw-law.com**
MOORE, HILL &
WESTMORELAND, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola FL 32502
Telephone: (850) 434-3541
*Counsel for Defendant, Christopher Dorworth*

## CERTIFICATE OF SERVICE

I certify that on November 25, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

**/s/ R. Alex Andrade**
R. Alex Andrade